Filed 1/20/16  Nathanson v. Ruiz CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| RICHARD NATHANSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>RAFAEL RUIZ, et al.,<br><br>    Defendants and Respondents. | B260470<br><br>(Los Angeles County<br>Super. Ct. No. LC098926) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Elia Weinbach, Judge.  Reversed.

        Law Offices of Julia Sklar and Julia Sklar for Plaintiff and Appellant.

        Veatch Carlson and Peter H. Crossin for Defendants and Respondents.

_____

Richard Nathanson sued Rafael and Romelia Ruiz for negligence and premises liability after a fire consumed a garage he rented from them. The trial court granted summary judgment in the Ruizes's favor, and Nathanson appeals. We reverse the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Nathanson lived in a detached garage belonging to the Ruizes that had been converted into a residence. In 2012, a fire broke out and destroyed the garage. Nathanson sued the Ruizes for negligence and premises liability.

The Ruizes moved for summary judgment on the ground that Nathanson could not prove causation because there was no causal nexus between the fire and any act or omission on their part. The Ruizes's separate statement of material facts contained four allegedly undisputed material facts: (1) Nathanson was a tenant of the garage owned by the Ruizes as of February 23, 2012; (2) on February 23, 2012, a fire broke out at the garage; (3) the Los Angeles City Fire Department investigated and concluded that the fire originated on the outside of the garage, but was not able to determine the actual cause of the fire; and (4) Nathanson was asleep when the fire started, and does not know what caused the fire.

The Ruizes supported their third alleged fact, concerning the investigation into and the cause of the fire, with the deposition testimony and exhibits from the deposition of William Aaron, a captain of the Los Angeles Fire Department (LAFD). At deposition, Aaron testified that he had generated two reports concerning the fire. He had no independent recollection of the fire but knew from the reports he had been there. During the deposition, Aaron was asked about the statement in one of the reports that the origin of the fire was "exterior-exposed surface." Defense counsel asked, "So we know from your report without any doubt that this fire started on the outside [of the garage], correct?" Aaron responded that the fire began on the outside of the residential garage. Counsel then asked, "If the fire was started by . . . electrical wiring inside or something to do with the structure itself like an unsafe structure, would that be in the report? Would it

2

be different than 'exposed exterior surface?" Aaron responded, "[T]he way that I wrote this report, I ruled out the cause being electrical as it's—as the only cause. And I want to make sure that makes sense. [¶] Could have—electrical started this? Yes. But I was not able to eliminate everything else. And when I look at everything else, I think what started it is the rubbish and . . . [¶] . . . [¶] smoking material—heat from undetermined smoking material—[¶] . . . [¶] on the outside." Aaron stated, "That's what I think started this fire." He explained that his attribution of the heat source to "heat from undetermined smoking material" as "usually saying I can't find anything like an electrical outlet, like a device—you know, if there's 25 cigarettes around there and this is where they always smoked or this is an alley that has a lot of rubbish, there is—you know, there's just signs that you look at. And you go, 'This is where all—the coffee machine always is.' Well, was it electrical? Well, we don't know that for sure. [¶] So that's where we are with this type of report. It's undetermined." Aaron agreed that "more likely than not" the fire was not an electrical fire, but also testified that he could not rule out an electrical cause: "I don't think it would be okay to say 'absolutely not electrical.'" He explained that the fire's cause was described as undetermined "because we don't know for sure that something specifically started it. Sometimes you have the luxury of knowing exactly what started it. [¶] Other times you continue to rule things out so that there is only one possible cause. In this—I believe, based on the report, we felt that we ruled out electrical, but I cannot say 100 percent that that did not cause it."

In opposition to the motion for summary judgment, Nathanson submitted several declarations and documents, including the declaration of S. Anthony Siahpush, a certified fire and explosion investigator and the head of an engineering and forensic fire investigation company. Siahpush declared that he had reviewed the photographs taken at the scene of the fire, reviewed the records of the incident and the transcript of Nathanson's deposition, and interviewed Nathanson. In Siahpush's opinion, "the origin of the fire is within the rear mid section of the garage close to floor level. It is very likely an electrical fire started within the structure by sparks from faulty electrical outlets or wiring. I cannot see any evidence of fire related to damage which shows an exterior fire

3

source or origin. It is my opinion that it is more likely than not that the fire resulted from an electrical malfunction."

The Ruizes submitted evidentiary objections to the evidence submitted by Nathanson, including an objection to Siahpush's opinion as to the cause of the fire. The trial court sustained the objection to Siahpush's declaration, declared it "insufficient to raise a triable issue of material fact," and granted summary judgment in the Ruizes' favor. Nathanson appeals the judgment.

## DISCUSSION

### I.      Standard of Review

A motion for summary judgment is properly granted only when "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc.,[1] § 437c, subd. (c).) "[T]he party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." (*Aguilar v. Atlantic Richfield Co*. (2001) 25 Cal.4th 826, 850 (*Aguilar*).)

A defendant meets the burden of showing that a cause of action has no merit by showing "that one or more elements of the cause of action, even if not separately pleaded, cannot be established, or that there is a complete defense to that cause of action." (§ 437c, subd. (p)(2).) When the plaintiff would have the burden of proof by a preponderance of the evidence at trial, a defendant seeking summary judgment "must present evidence that would require a reasonable trier of fact not to find any underlying material fact more likely than not—otherwise, he would not be entitled to judgment as a matter of law, but would have to present his evidence to a trier of fact." (*Aguilar*, *supra*, 25 Cal.4th at p. 851.)

---

[1]      All statutory references are to the Code of Civil Procedure.

4

"Once the [movant] has met that burden, the burden shifts to the [other party] to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto." (§ 437c, subd. (p)(2).) A triable issue of material fact exists where "the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar*, *supra*, 25 Cal.4th at p. 850.) We review the trial court's ruling granting summary judgment de novo and independently examine the record to determine whether there is a triable issue of material fact. (*Id.* at p. 860.)

## II.    Triable Issue of Material Fact

The Ruizes attempted to establish that Nathanson could not prove the element of causation. Causation is an element of both Nathanson's premises liability and negligence causes of action. (*Ortega v. Kmart Corp*. (2001) 26 Cal.4th 1200, 1205 [premises liability]; *Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917-918 [negligence].) The Ruizes asserted that Nathanson, being asleep at the time of the fire's ignition, lacked personal knowledge as to its cause, and alleged that the Los Angeles City Fire Department concluded that the fire originated on the outside of the garage, but was not able to determine the actual cause of the fire. They supported their motion with the deposition testimony of LAFD Captain Aaron, who testified that the fire began on the outside of the garage. Aaron acknowledged that the fire could have been electrical, but he believed it was caused by "rubbish and . . . [¶] . . . [¶] smoking material—heat from undetermined smoking material—[¶] . . . [¶] on the outside." Aaron opined that "more likely than not" the fire was not an electrical fire.

This factual showing may have been sufficient under *Aguilar*, *supra*, 25 Cal.4th 826 and Code of Civil Procedure section 437c, to meet the Ruizes's initial burden of production, but Nathanson demonstrated the existence of a triable issue of material fact by his evidentiary showing in opposition to the motion for summary judgment. Siahpush, Nathanson's expert witness, testified that in his opinion, the fire originated "within the rear mid section of the garage close to floor level. It is very likely an electrical fire

5

started within the structure by sparks from faulty electrical outlets or wiring.  I cannot see any evidence of fire related to damage which shows an exterior fire source or origin.  It is my opinion that it is more likely than not that the fire resulted from an electrical malfunction."

As an initial matter, it is somewhat unclear whether the trial court excluded or found substantively insufficient Siahpush's declaration.  In its order granting the motion for summary judgment, the court first sustained the Ruizes's evidentiary objection to the above-quoted language from Siahpush's declaration, but then discussed the testimony in detail and concluded that it was insufficient to raise a triable issue of material fact.  Regardless of whether the court intended to exclude Siahpush's opinion testimony, or considered it but found it lacking sufficient evidentiary value to satisfy Nathanson's burden, the trial court erred.

In his declaration, Siahpush set forth the evidence he relied upon in reaching his opinion—"the 13 (thirteen) photos taken on February 23, 2012 of the site of the subject fire, the printouts of the LAFD's incident information and dispatch history file pertaining to the incident, the transcript of deposition of Richard Nathanson taken on July 22, 2013, and also I had the opportunity to speak with Mr. Nathanson."  The trial court first faulted Siahpush's declaration because the photographs and the incident reports on which he had relied were not attached to the declaration, stating, "One must assume that Siahpush is referring to the same incident reports that were attached to the moving papers, and to the photographs that are attached to Plaintiff's counsel's declaration."  This case involved a small universe of evidence.  Nathanson submitted the 13 photographs of the accident scene to the court in opposition to the summary judgment motion, and they were authenticated by the declaration of the claims adjuster who took the photographs.  The reports and deposition testimony to which Siahpush referred in his declaration were presented to the court by the parties' moving and opposing papers.  The fact that Siahpush's declaration did not include copies of the evidence elsewhere provided to the court in conjunction with the motion for summary judgment did not create any ambiguity with regard to his sources of information.  (See, e.g., *Shugart v. Regents of Univ. of Cal.*

6

(2011) 199 Cal.App.4th 499, 505-506 [party opposing summary judgment need not file duplicate copies of medical records on which its expert witness relied in forming his opinion when the records, properly authenticated, had already been provided to the court by means of the moving party's papers].)

Next, the trial court found Siahpush's declaration lacking in explanation for his conclusions. The court questioned how, given the content of the photographs of the site of the fire, those photographs supported Siahpush's statement that he saw no evidence of fire related to damage showing an exterior fire source or origin: "[N]one of the photographs attached to Plaintiff's counsel's declaration adequately show a view of the outside of the garage, so it is unclear how or why Siahpush would have been able to note such source or origin." The court further questioned Siahpush's opinion, stating, "Siahpush does not explain what would have been consistent with an external source of origin, and does not indicate that the indicia of such source are missing in this case." In light of the rule that a trial court must liberally construe the evidence submitted in opposition to a summary judgment motion, declarations submitted in opposition to a motion for summary judgment "need not be as detailed or extensive as that required in expert testimony presented in support of a summary judgment motion or at trial." (*Garrett v. Howmedica Osteonics Corp.* (2013) 214 Cal.App.4th 173, 189.) The trial court's comments concerning the evidentiary value of Siahpush's opinion concerned the weight of Siahpush's opinion, not its admissibility. "The trial court may not weigh the evidence in the manner of a fact finder to determine whose version is more likely true." (*Binder v. Aetna Life Ins. Co.* (1999) 75 Cal.App.4th 832, 840.)

Ultimately, the Ruizes submitted expert opinion evidence that more likely than not the fire was not electrical in origin, and Nathanson provided expert opinion evidence that the fire more likely than not had an electrical cause. Because a triable issue of material fact existed as to the cause of the fire, the trial court erred in granting summary judgment.

7

## DISPOSITION

The judgment is reversed.  Appellant shall recover his costs on appeal.


ZELON, J.


We concur:


PERLUSS, P. J.


BECKLOFF, J.*

---

8